UNITED STATES DISTRICT COURT
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

LETTER OPINION

January 26, 2010

All Counsel of Record
*(via electronic filing)*

Re:  Ross, et al. v. City of Bayonne, et al.
     Civil Action: 08-2027 (JLL)

Dear Counsel:

This matter comes before the Court by way of Plaintiffs' motion for leave to file an Amended Complaint [Docket Entry No. 80]. The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard. Based on the reasons that follow, Plaintiffs' motion is **granted.**

### Background

Plaintiffs filed the original complaint in this matter on April 25, 2008 ("Complaint"). Plaintiffs' Complaint alleges violations of civil rights and other injuries arising from their tenancy in a public housing facility. Plaintiffs now seek leave to amend the Complaint to add various defendants, factual allegations and new theories of liability in support of claims previously asserted in the original Complaint.

### Discussion

A party may amend a pleading "once as a matter of course . . . before being served with a responsive pleading . . . ." Fed. R. Civ. P. 15(a)(1)(A); see also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). "After amending once or after an answer has been filed, the plaintiff may amend only with leave of court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" Shane, 213 F.3d at 115 (citing Fed. R. Civ. P 15(a)). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." Id. An amendment is futile when a proposed amended complaint "would fail to state a claim upon which relief could be granted." Id. Thus, "[i]n assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id.

1

For a complaint to survive dismissal under Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir.2008).

Opposition to Plaintiffs' motion has been filed by: (1) Defendant Bayonne Housing Authority ("BHA"), (2) Defendant Officer Paul Newman, and (3) Defendants City of Bayonne and Bayonne Police Department.

As a preliminary matter, although Defendant Housing Authority of the City of Bayonne ("BHA") opposed amendment of Plaintiffs' Complaint to add certain BHA employees, by way of letter dated January 6, 2010, Plaintiffs' counsel advised the Court that Plaintiffs had reached a tentative settlement with the BHA. As a result, Plaintiffs have withdrawn the aspect of their motion to amend which sought to add such BHA defendants. See Docket Entry No. 104. This aspect of Plaintiffs' motion is now moot.

### A.   Officer Newman

Officer Newman opposes Plaintiffs' motion on the basis that the proposed amended complaint alleges new causes of action that do not relate back to the original complaint and are, therefore, barred by the applicable statute of limitations. At the outset, the Court notes that the crux of Officer Newman's opposition to Plaintiffs' motion is based upon his opposition to the addition of new defendants. However, counsel for Officer Newman does not purport to represent said individuals. Moreover, it appears that counsel for the Bayonne Police Department has filed an opposition on their behalf. Thus, in considering Officer Newman's opposition brief, the Court will focus its attention to arguments raised which directly relate to Officer Newman. Although Plaintiffs maintain that the proposed amended complaint does not add any additional causes of action (but simply adds additional defendants and factual allegations) the Court notes that the proposed amended complaint contains a claim for conspiracy and various state law claims which are not readily apparent in Plaintiffs' original Complaint. In any event, the following factors are undisputed: (1) Officer Newman was listed as a Defendant in Plaintiffs' original Complaint, (2) any new allegations or theories of liability set forth in the proposed amended complaint – as they relate specifically to him – all arise out of the same May 1, 2006 incident underlying the claims set forth in the original Complaint, and (3) the claims arising out of the May 1, 2006 incident as set forth in the original Complaint were filed within the applicable statute of limitations.[1] Thus, even if the Court should construe the additional factual allegations and/or theories of liability regarding Officer Newman as set forth in the proposed amended complaint as setting forth new causes of action, the Court finds

---

[1] See Newman Opp'n Br. at 3-4. Because Officer Newman does not dispute that such claims, as set forth in the original Complaint, were filed within the applicable statute of limitations, the Court need not conduct its own analysis of such for purposes of the instant motion to amend.

that the original complaint provided Officer Newman with sufficient notice of the theory underlying such new claims for purposes of the relation back doctrine;[2] therefore, any statute of limitations issues – to the extent they even exist – would be moot.

**B.   City of Bayonne and the Bayonne Police Department**

Defendants City of Bayonne and the Bayonne Police Department oppose Plaintiffs' motion on two grounds: (1) the proposed amended complaint contains new causes of action and theories of liability as against City of Bayonne and/or the Bayonne Police Department that do not relate back to the original complaint and are, therefore, barred by the applicable statute of limitations, and (2) Plaintiffs' attempt to replace Jane and John Doe Defendants with Officer Zajac and Sergeant Lioi and to add certain additional defendants (Lynch, Fitzgibbons and Gill) would be futile inasmuch as claims now asserted against the foregoing individuals would not relate back to Plaintiffs' original Complaint and are, therefore, barred by the applicable statute of limitations. The Court will address each argument, in turn.

**1.   New Claims, Allegations and/or Theories of Liability Regarding City of Bayonne and the Bayonne Police Department**

The City of Bayonne and the Bayonne Police Department concede the following: (1) "plaintiffs' purported amendment arises out of the same set of facts alleged in the original complaint,"[3] and (2) claims set forth against said Defendants in the original complaint were filed within the applicable statute of limitations.[4] Thus, the Court finds that the original Complaint provided the City of Bayonne and the Bayonne Police Department with sufficient notice of the theory underlying the new claims and/or theories of liability for purposes of the relation back doctrine.[5]

---

[2] Federal Rule of Civil Procedure 15(c)(1)(B) provides, in relevant part, that:

> An amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the same conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading.

Fed. R. Civ. P. 15(c)(1)(B).

[3] See Bayonne Opp'n Br. at 5.

[4] See Bayonne Opp'n Br. at 3 (noting that statute of limitations on plaintiffs' original claims against City of Bayonne and Bayonne Police Department ran on April 30, 2008 and/or May 1, 2008). The original complaint in this matter was filed on April 25, 2008. (Docket Entry No. 1).

[5] See Fed. R. Civ. P. 15(c)(1)(B) ("An amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the same

Therefore, to the extent Plaintiffs seek to add new factual allegations, claims and/or theories of liability as against Defendants City of Bayonne and/or the Bayonne Police Department, any statute of limitations concerns with respect to such new claims and/or allegations – to the extent they even exist – would be moot.[6]

2.   **Additional Defendants**

Aside from adding new factual allegations, claims and/or theories of liability relating to Defendants City of Bayonne and the Bayonne Police Department, Plaintiffs' proposed amended complaint also seeks to add various new defendants. Such defendants include: Officers Zajac, Lynch, Fitzgibbons, Gill and Sergeant Lioi, all of whom were apparently employed by the Bayonne Police Department during the relevant time period. Defendants City of Bayonne and the Bayonne Police Department oppose any such amendment on the basis of futility inasmuch as such claims are now barred by the applicable statute of limitations. Plaintiffs have taken the position that such claims are not time-barred because they relate back to the date of filing of the original Complaint pursuant to Federal Rule of Civil Procedure 15(c)(1)(C).

Federal Rule of Civil Procedure 15(c) "enumerates three distinct prerequisites for an amendment to relate back to the original complaint: (1) the claims in the amended complaint must arise out of the same occurrences set forth in the original complaint, (2) the party to be brought in by amendment must have received notice of the action within 120 days of its institution, and (3) the party to be brought in by amendment must have known, or should have known, that the action would have been brought against the party but for a mistake concerning its identity." Arthur v. Maersk, Inc., 434 F.3d 196, 203 (3d Cir. 2006). Thus, "an amended complaint will not relate back if the plaintiff had been aware of the identity of the newly named parties when she filed her original complaint and simply chose not to sue them at that time." Garvin v. City of Philadelphia, 354 F.3d 215, 221-222 (3d Cir. 2003). In this regard, Defendants maintain that Plaintiffs had sufficient information to sue such proposed individual defendants before the expiration of the statute of limitations, but chose not to do so. Having failed to provide such individuals with adequate notice of such claims prior to the expiration of the statute of limitations, such claims – according to the Defendants – do not relate back to the date of filing of the original Complaint and are, therefore, time-barred.

As previously explained, the futility analysis on a motion to amend is essentially the same as a Rule 12(b)(6) motion. Given the liberal standard for the amendment of pleadings, courts place a heavy burden on opponents who wish to declare a proposed amendment futile. See, e.g., Aruanno v. New Jersey, No. 06-0296, 2009 WL 114556, at *2 (D.N.J. Jan. 15, 2009). Thus, the proposed amendment must be frivolous or advance a claim that is insufficient on its face. Id. "If a proposed amendment is not <u>clearly</u> futile, then denial of leave to amend is improper." 6 Wright, Miller &

---

conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading.").

[6] Therefore, the Court need not reach the issue of whether or not such claims were, in fact, filed within the applicable statute of limitations.

4

Kane, Federal Practice and Procedure § 1487 (2d ed. 1990) (emphasis added). Having considered the arguments raised in support of and in opposition to Plaintiffs' request for leave to amend the Complaint to add Officers Zajac, Lynch, Fitzgibbons, Gill and Sergeant Lioi as defendants to this matter, the Court cannot conclude, based upon the limited record before it, that the proposed amendment is so clearly futile to preclude the granting of Plaintiffs' motion.

The application of the relation back doctrine in this context is not a simple issue. The parties' briefs do not fully examine the circumstances which would permit the Court to determine whether the amendment at issue relates back to the filing date of the original Complaint. Thus, although Plaintiffs' claims as against Officers Zajac, Lynch, Fitzgibbons, Gill and Sergeant Lioi may ultimately prove to be barred by the applicable statute of limitations, Defendants City of Bayonne and the Bayonne Police Department have failed to meet their burden of demonstrating the transparent futility of such claims based upon the limited record submitted. To the contrary, the Court notes the following: (1) this is Plaintiffs' first request to amend the Complaint, (2) Plaintiffs' motion complies with the requirements set forth in Local Civil Rule 7.1(f), and (3) as a general matter, "courts should freely give leave [to amend] when justice so requires."[7] Accordingly, the Court grants Plaintiffs' request to amend the Complaint to add Officers Zajac, Lynch, Fitzgibbons, Gill and Sergeant Lioi as defendants to this matter.

## Conclusion

Based on the reasons set forth above, Plaintiffs' motion for leave to file an Amended Complaint is **granted**. Plaintiffs are directed to file a revised version of the Amended Complaint on or before **Wednesday, February 10, 2010** which excludes any and all claims asserted against the Bayonne Housing Authority or its employees in accordance with Plaintiffs' letter to the Court dated January 6, 2010. (Docket Entry No. 104). An appropriate Order accompanies this Letter Opinion.

Sincerely,

/s/ Jose L. Linares
United States District Judge

---

[7] See Fed.R.Civ.P. 15(a).

5